UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENDALL PLAIN, ET AL.                               CIVIL ACTION

VERSUS

SAFECO INSURANCE COMPANY OF                         NO. 23-00455-BAJ-EWD
OREGON

RULING AND ORDER

Before the Court is Defendant Safeco Insurance Company of Oregon's (Safeco) **Motion for Summary Judgment (Doc. 27)**. Plaintiffs, Kendall Plain and his company, Plain & Associates LLC (Plaintiff),[1] filed an Opposition (Doc. 28) on February 22, 2024. Safeco then filed a Reply Memorandum (Doc. 33) in response to the arguments raised by Plaintiff and in further support of its Motion for Summary Judgment (Doc. 27). For reasons to follow, Defendant's Motion will be denied.

I. BACKGROUND

Plaintiff owns or manages over 100 rental and commercial properties throughout South Louisiana. (Doc. 28-2 ¶ 10, *hereinafter* Pl. Decl.). One of those properties,[2] located at 1305 North 30th Street in Baton Rouge (North 30th Street

---

[1] Because Kendall Plain is the owner of Plain & Associates, LLC, the Court collectively refers to Mr. Plain and Plain & Associates as a single entity (Plaintiff) throughout this Order. (Docs. 1 ¶ 2 (Plain & Associates' "sole member [is] Kendall Plain"); 28-2 ¶ 3 (Plain is the "the sole member and owner" of Plain & Associates, LLC)).

[2] As part of this litigation, the parties dispute whether, or to what extent, the North 30th Street Property sustained covered damage during Hurricane Ida. But that issue is neither raised nor addressed in Defendant's Motion for Summary Judgment. (Doc. 27). The Court therefore makes no finding on the issue of covered damage to the North 30th Street Property in this Order.

Property), is the subject of this lawsuit. (Pl. Decl. ¶ 4). Plaintiff both owned and managed the North 30th Street Property, which "served as a stand-alone residential rental property." (*Id.*). Safeco "provided a Landlord Policy of insurance . . . covering the [North 30th Street] Property against loss and damage . . . ." (*Id.* ¶ 5; Doc. 27-4 (Policy No. OF2880051 was in place between March 25, 2021, and March 25, 2022)).

On August 29, 2021, Hurricane Ida hit South Louisiana as a Category 4 storm, causing damage throughout the region. Following the storm, Plaintiff began inspecting his properties for hurricane damage, prioritizing repairs to those properties, and assisting clients with new or temporary housing. (Pl. Decl. at 3). At the time, the North 30th Street Property tenant did not alert Plaintiff to any damage caused by Hurricane Ida. (*Id.* ¶ 11). Given the circumstances, Plaintiff claims it was not until early February of 2023 that he first learned the North 30th Street Property had suffered any damage in Hurricane Ida. (*Id.* ¶ 18).

The Safeco insurance policy covering the North 30th Street Property required the following after any covered damage or loss:

> 4. **Your Duties After Loss.** In case of a loss to which this insurance may apply, you must perform the following duties:
>    a.   cooperate with us in the investigation, settlement or defense of any claim or suit;
>    b.   give immediate[3] notice to us or our agent . . . .
>
> 10. **Suit Against Us.** No action shall be brought unless there has been full compliance with all of the policy provisions and the action is started within two years after the inception of the loss or damage.

---

[3] The policy does not define the term "immediate." (Doc. 27-4 at 33–34 (Definitions)).

(Docs. 27-4 at 29 (immediate notice), 36 (suit against insurer, revised)).

Because Plaintiff first learned that the North 30th Street Property had suffered damage during Hurricane Ida in early February of 2023, he did not notify Safeco of the damage until February 12, 2023 — nearly 1 year and 6 months after Hurricane Ida. (Pl. Decl. ¶ 19; Doc. 27-3 ¶ 6, *hereinafter* Safeco Decl.). The property was inspected by a Safeco adjuster on March 14, 2023 (Safeco Decl. ¶ 8; Pl. Decl. ¶ 20). After inspecting the exterior of the North 30th Street Property, Safeco's adjuster "found no storm/hurricane related damages." (Safeco Denial Letter., Doc. 28-3 at 1).

One year and six months passed between Hurricane Ida and Plaintiff notifying Safeco of the damage to his property. Yet this delay was never mentioned by Safeco during its adjustment of Plaintiff's claim, and it was not given as a reason for denying the claim.[4] Indeed, Safeco never indicated that the delay impeded its adjuster's ability to either inspect the property or determine the cause of any observed damage. (Pl. Decl. ¶¶ 23-24 ("It was not until February 1, 2024 – one year after the initial claim was filed – that Safeco raised for the very first time the issue of 'immediate notice' under the Policy.")).

On the day of the inspection, Safeco denied the claim because its adjuster found no covered damage caused by Hurricane Ida:

> Inspection of the property found no storm/hurricane related damages. However, there were signs of wear and tear, rot and deterioration, and

---

[4] This is supported by the evidence of record, which is minimal. The Court has not been provided with the adjuster's report summarizing the inspection, any documents showing the alleged damage, or even communications between the parties concerning the claim. Indeed, the evidence presented at summary judgment consists of a certified copy of the Safeco Policy (Doc. 27-4); the Denial Letter (Doc. 28-3) (provided by Plaintiff), the Declaration of Safeco's Claims Representative (Doc. 27-3); and Plaintiff's Declaration (Doc. 28-2).

a general lack of maintenance present. There is also no evidence that reasonable efforts have been taken to mitigate any potential storm damage in the months following the reported loss.

(Denial Letter, Doc. 28-3 at 1; Pl. Decl. ¶ 21; Doc. 33 at 4). Again, Plaintiff's delay in notice was not mentioned.

Following this denial, Plaintiff sued Safeco for breach of contract on June 13, 2023—about two months shy of the policy's two-year statute of limitations. Shortly after discovery began, (Docs. 6, 22), Safeco filed its Motion for Summary Judgment. (Doc. 27).

## II. LEGAL STANDARD

A district court should "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see *Funches v. Progressive Tractor & Implement Co., L.L.C.*, 905 F.3d 846, 849 (5th Cir. 2018) ("This occurs when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

For issues on which the movant bears the burden of proof at trial, they "must come forward with evidence which would entitle [them] to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence establishing a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

4

Where the nonmovant bears the burden of proof at trial, the moving party must offer evidence that undermines the nonmovant's claim or point out the absence of evidence supporting essential elements of the claim. *See Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 885 (1990). Once the movant shows entitlement to judgment as a matter of law, the nonmovant must bring forward evidence to create a genuine issue of material fact. *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018).

## III. DISCUSSION

Focusing on the terms of the policy, Safeco argues throughout its Motion that "all claims against [it] should be dismissed" because Plaintiff failed to provide "immediate notice" of the loss, which is a "condition precedent to recovery." (Docs. 27-1 at 1, 4, 5, 7; 33 at 3–4 (Immediate notice is a "condition precedent to recovery . . . [P]laintiff violated the policy and the Court should grant summary judgment.")). If Plaintiff's noncompliance with the notice provision does not itself warrant dismissal, Safeco alternatively suggests it was "clear[ly]" prejudiced by a delay of one year and six months, and the Court should therefore grant its Motion for Summary Judgment. (Doc. 27-1 at 7 ("The prejudice to Safeco is clear . . . .")).

In response, Plaintiff claims he acted diligently and reasonably to discover any damage caused by Hurricane Ida and to comply with the terms of the policy. (Doc. 28 at 9–12). What is more, he argues any failure to comply with the policy's notice

5

provision cannot be fatal to his claim. According to Plaintiff, the notice provision violates Louisiana Revised Statute 22:868(B) and is therefore void. *See* La. Rev. Stat. § 22:868(B) (setting a two-year minimum prescriptive period for first party claims under certain types of insurance policies). More specifically, Plaintiff argues that strict adherence to the policy's "immediate notice" requirement would "unlawfully limit the insured's ability to bring his claim in some period of time less than the twenty-four months permitted by La. Rev. Stat. 22:868(B)." (Doc. 28 at 17–22). And if the notice provision is not void, Plaintiff highlights Safeco's lack of evidence establishing any actual prejudice resulting from his delayed notice. (Doc. 28 at 12–16). The Court considers each argument below.

## A.   Delayed Notice Alone Does Not Bar Plaintiff's Claim

According to Safeco, "[b]ecause the policy requires [P]laintiffs to report any loss *immediately* after the loss, [P]laintiffs have violated the terms of the policy, warranting dismissal of their claims against Safeco." (Doc. 27-1 at 1). To the extent Safeco contends Plaintiff's failure to provide "immediate notice" automatically bars his claim—i.e., that compliance with the notice provision is a "condition precedent to recovery," (Docs. 27-1 at 4; 33 at 3)—that contention is not supported by the policy's language or the applicable law.

Louisiana law provides that an insurance policy is a "contract" and that its provisions are construed using the "general rules of [contract interpretation]" in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Services, Inc.*, 179 F. Supp.

6

3d 656, 675 (E.D. La. 2016).[5] "[W]hen prompt notice of a covered occurrence is a 'condition precedent' to recovery . . . and the insured fails to give such notice, the claim is no longer covered by the policy, regardless of whether the insurer can demonstrate prejudice." *Gulf Island, IV v. Blue Streak Mar., Inc.*, 940 F.2d 948, 955 (5th Cir. 1991). But "where the requirement of timely notice is not an express condition precedent, the insurer must demonstrate that it was sufficiently prejudiced by the insured's late notice." *Peavey Co. v. M/V ANPA*, 971 F.2d 1168, 1173 (5th Cir. 1992).

For a notice provision to act as "a condition precedent" to recovery, it must "[explicitly] condition[] coverage on timely notice to the insurer,"[6] *Transcontinental Pipe Line Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Penn.*, 378 F. Supp. 2d 729,

---

[5] The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. School Board of Richland Parish*, 418 F.3d 511, 516–17 (5th Cir. 2005). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.*

[6] Because the occurrence of hurricane damage during the policy period is what triggered coverage, the insurance policy at issue is an 'occurrence' policy, as opposed to a 'claims-made' policy. The major distinction between the two constitutes the difference between the peril insured and the purpose of giving notice.

> In the 'occurrence' policy, the peril insured is the 'occurrence' itself. Once the 'occurrence' takes place, coverage attaches even though the claim may not be made for some time thereafter. While in the 'claims made' policy, it is the making of the claim which is the event and peril being insured and, subject to policy language, regardless of when the occurrence took place.

*Treo Staffing, LLC v. Axis Surplus Ins. Co.*, No. 15-332, 2016 WL 923112, at *2 (M.D. La. Mar. 10, 2016). And so, in a claims-made policy, notice "is not simply a technical defense," it "serves to define the scope of coverage . . . ." *American Safety*, 153 F. Supp. 2d at 877. But the same is not true for an occurrence policy and therefore "any provisions which serve to limit coverage" must be explicit, and "should be strictly construed against the insurer." *Id.*

738 (M.D. La. 2005), and "such a condition cannot be inferred," *Pousson v. S. Fid. Ins. Co.*, No. 6:22-CV-04717, 2024 WL 251157, at *2 (W.D. La. Jan. 23, 2024) (holding that policy language must make clear "that coverage is voided if prompt notice is not provided"). *See also XL Specialty Ins. Co. v. Bollinger Shipyards, Inc.*, 57 F. Supp. 3d 728, 761 (E.D. La. 2014) ("The traditional rule in Louisiana has been that express condition precedent language is necessary to make giving notice a condition precedent to recovery.").

Here, while giving "immediate notice" is listed among Plaintiffs' general "Duties After Loss," (Doc. 27-4 at 29), nothing in the policy expressly bars coverage for noncompliance with the notice requirement. Instead, Safeco asks the Court to infer a condition precedent by reading the notice requirement together with the separate "Suit Against Us" provision:

> **Suit Against Us.** No action shall be brought unless there has been full compliance with all of the policy provisions . . . .

(Doc. 27-4 at 36).

But this provision does not specifically bar coverage, or otherwise specify the consequence, for noncompliance with "immediate notice." *See Pousson*, 2024 WL 251157, at *2 ("[T]he policy contains 'prompt notice' among plaintiff's 'Duties After Loss,' but [the insurer] fails to point to any provision expressly stating the consequence for noncompliance."); *Peavey Co.*, 971 F.2d at 1173 ("While Section IV(2) of the policy does require that Degesch 'promptly' notify its insurer, nowhere in the

8

relevant section is there language of it being an express condition precedent to liability.").

Without stronger language, the Court rejects Safeco's argument that the policy's "immediate notice" provision is a condition precedent to coverage. *See XL Specialty Ins. Co.*, 57 F. Supp. 3d at 761 ("The no action clause . . . provides that the insured cannot sue on the policy without complying with its terms, but it does not say that coverage is precluded if the General Conditions are not satisfied. Without stronger language . . . a condition precedent cannot be inferred.").

Plaintiff's failure to provide immediate notice of the alleged loss does not automatically preclude coverage under the terms of the contract, or otherwise bar Plaintiff from filing suit. *Compare American Safety & Risk Services Inc. v. Legion Indemnity Co.*, 153 F. Supp. 2d 869, 876 (E.D. La. 2001) (considering a similarly-worded occurrence policy, and refusing to "infer that prompt notice [was] a condition precedent [to coverage] by reading the notice provision together with the 'no action' clause"), *with Allied World Surplus Lines Ins. Co. v. Amedisys, Inc.*, No. 21-00379, 2023 WL 174966, at *1, *3 (M.D. La. Jan. 12, 2023) (where umbrella policy's notice provision stated, "'as condition precedent to any right to coverage,' all claims must be reported 'no later than 10 days after the end of each quarter,'" timely notice was condition precedent to coverage under terms of occurrence-based policy).

## B. Louisiana Revised Statute 22:868(B)

Indeed, if immediate notice were a condition precedent to coverage, the notice provision could potentially violate Louisiana Revised Statute 22:868(B), as Plaintiff

9

suggests. The statute prevents certain types of insurance policies from including any provision limiting the time to bring a first-party right of action to a period less than 2 years from the date of loss.[7] To avoid summary judgment based on his alleged failure to give "immediate notice," Plaintiff argues that the notice provision itself is void, relying on Louisiana Revised Statute 22:868(B):

> Full compliance, in Safeco's world, includes immediate discovery of the damage and immediate reporting of the claim. Otherwise, the insured's claim is barred. Thus, by its own admission, Safeco purports to unlawfully limit the insured's ability to bring his claim in some period of time less than the twenty-four months permitted by La. R.S. 22:868(B).

(Doc. 28 at 18).

As support, Plaintiff points to recent decisions voiding, as inconsistent with Louisiana Revised Statute 22:868(B), notice provisions in occurrence-based insurance policies. But these cases are distinguishable.

To begin, the policies under consideration in these cases required the insured to provide notice, as follows:

- Within 12 months of the loss, *Gulf Coast Bank & Tr. Co. v. Agent All. Ins. Co.*, No. 22-44, 2023 WL 9059580, at *7 (M.D. La. Dec. 8, 2023) (notice provision in occurrence policy denying coverage for untimely claims was void, noting "courts have concluded that similar provisions in occurrence policies are void in light of Louisiana Revised Statute 22:868(B)-(C)");

---

[7] While parties to an insurance contract can generally agree to a shortened prescriptive period, Louisiana Revised Statute 22:868(B) limits that contractual freedom, setting a minimum prescriptive period of 2 years "after the inception of the loss" for "first-party claim[s] . . . [arising] under any insurance classified and defined in R.S. 22:47[(10) (fire, allied lines)] . . . ." *See also* La. Rev. Stat. § 22:1692(3) (first-party claim "means a claim made by an insured" under a policy that "arises out of the occurrence of the contingency or loss covered by the policy"); La. Rev. Stat. § 22:47(10) (b) ("Insurance against loss or damage by . . . weather or climatic conditions."). Because Plaintiff is the named insured under the policy at issue, Louisiana Revised Statute 22:868(B) applies and mandates a minimum prescriptive period of two years from the date of loss.

10

- Within 365 days of the loss, *Munsterman v. Unitrin Auto & Home Insurance Company*, 307 So. 3d 297, 300 (La. App. 3rd Cir. 2020) (provision in occurrence policy denying coverage unless the insured notified insurer of loss within 365 days was void under La. R.S. 22:868(B)-(C));

- Promptly, but no later than 365 days after the loss, *Catalnotto v. GeoVera Specialty Ins. Co.*, No. 23-5396, 2024 WL 1533449, at *5 (E.D. La. Apr. 9, 2024) (where occurrence policy stated "claim must be reported promptly and is *barred* if not reported within 365 days . . . of loss," court found: "As it relates to the filing of plaintiffs' suit and the possible recovery . . . such a provision is invalid, pursuant to Louisiana Revised Statute § 22:868(B)"); and

- No later than one year from the end of the policy period, *Mattress Direct, Inc. v. N. Ins. Co. of New York*, 530 F. Supp. 3d 633, 642 (M.D. La. 2021) (notice provision in occurrence policy that conditioned coverage to "loss discovered no later than one year from the end of the Policy Period" impermissibly limited time for insured's right of action and was void under La. Rev. Stat. § 22:868(B)-(C)).

Thus, each policy required notice within a defined period, with each period being less than two years.

By contrast, the policy at issue only requires "immediate" notice—a term it leaves undefined. While Safeco's policy does not define "immediate," it is generally understood to mean "notice within reasonable time or without unnecessary delay." *LeBlanc v. Underwriters at Lloyd's, London*, 402 So. 2d 292, 295 (La. Ct. App. 1981) ("The requirement of immediate notice in an insurance policy means notice within reasonable time or without unnecessary delay."). Then, when considering timing, the question becomes whether requiring immediate notice of the claim "impermissibly limits the insured's right of action . . . to a period of less than two years from the" date of loss? *Mattress Direct, Inc.*, 530 F. Supp. 3d at 643. But this question need not be answered today.

Critically, in each of the cases cited above, notice was also a condition precedent to coverage. In other words, these courts voided, as inconsistent with Louisiana Revised Statute 22:868(B), policy provisions that expressly barred any claim not noticed within one year of the loss (or the end of the policy period):

- "[I]t is an express condition of this policy that no claim shall be made . . . twelve months after the expiration of this insurance, nor may any suit be filed if claim is not made . . . within twelve months of the loss," *Gulf Coast Bank*, 2023 WL 9059580, at *7 (notice provision was an "express condition" precedent, and also void, noting "courts have concluded that similar provisions in occurrence policies are void in light of Louisiana Revised Statute 22:868(B)-(C)");

- "[W]e will not provide coverage . . . unless your notice of loss is received by us no later than 365 days after the loss," *Munsterman*, 307 So. 3d at 300 ("policy language clearly and unambiguously excludes coverage for a loss" not noticed within a year; in an occurrence policy, a limitation on the time to notify insurer of claimed loss is equivalent to limitation on right of action);

- "[C]laim must be reported promptly and is barred if not reported within 365 days after the date of loss, *Catalnotto*, 2024 WL 1533449, at *5 ("As it relates to the filing of plaintiffs' suit and the possible recovery of their claim, such a provision is invalid, pursuant to Louisiana Revised Statute § 22:868(B)"); and

- "We will pay only for covered loss discovered no later than one year from the end of the policy period," *Mattress Direct, Inc.*, 530 F. Supp. 3d at 642 (rejecting insurer's argument that policy only "imposes a one year discovery period on coverage rather than a one year limitation on the right of the insured to file suit"—because policy was occurrence based, the notice limitation on coverage acted to limit insured's right of action).

This is what sets Plaintiff's case apart.

Here, the notice provision does not exclude coverage for noncompliance. It therefore does not affect Plaintiff's right of action. *See Munsterman*, 307 So.3d at 301 (in occurrence policy, temporal limitation on notice of loss is equivalent to temporal limitation on right of action); *Mattress Direct, Inc.*, 530 F. Supp. 3d at 643 ("By

limiting Plaintiffs' coverage to one year from the end of the policy period, the discovery provision impermissibly limits Plaintiffs' right of action . . . .").

For that reason, the Court need not decide whether a provision requiring notice of a loss "immediate[ly]," but not within a defined period, would effectively shorten the time to bring a right of action to less than two years, in violation of Louisiana Revised Statute 22:868(B).

C. **Safeco Has Not Established Prejudice**

Instead, because immediate notice is not a condition precedent to coverage, Safeco may only avoid liability if Plaintiff's failure to comply with the notice provision was materially prejudicial. *Compare Peavey Co.*, 971 F.2d at 1173 ("The rule in Louisiana is that where the requirement of timely notice is not an express condition precedent, the insurer must demonstrate that it was sufficiently prejudiced by the insured's late notice."), *with Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, No. 17-1741, 2018 WL 3596032, at *4 (M.D. La. July 26, 2018) ("[It] is certainly correct that the Fifth Circuit, applying Louisiana law, has held that compliance with some notice requirements is a condition precedent to coverage, with no showing of prejudice required. However, that result is based on close analysis of the specific text of the notice requirement at issue in each case."). "The burden of proving actual prejudice falls on the insurer." *Kerr v. State Farm Fire & Cas. Co.*, 934 F. Supp. 2d 853, 858 (M.D. La. 2012).

"[I]t is extraordinarily difficult for an insurer to show actual prejudice from breach of a notice [provision] at the summary judgment stage. [And] [i]nsurers are

not entitled to summary judgment based upon only the naked delay in notifying the insurer." *XL Specialty Ins. Co.*, 57 F. Supp. 3d at 762; *see also Kovesdi v. Allstate Idem. Co.*, No. 10-697, 2010 WL 3835893, at *6 (E.D. La. Sept. 24, 2010) ("More broadly, the determination of whether a breach has been material and prejudicial is highly fact-specific, and as such, it is doubtful that summary judgment is ever appropriate on the basis of an insured's alleged failure to cooperate."); *Fakouri v. Ins. Co. of N. Am.*, 378 So. 2d 1083, 1086 (La. Ct. App. 1979) ("[T]he jurisprudence has liberally construed notice provisions in insurance policies in favor of the insured who gives late notice. Thus . . . an insurer must prove actual prejudice in order to be able to deny a claim on the basis of not receiving notification as stipulated in the policy contract.").

Here, Safeco claims that "[b]ecause of [P]laintiffs' late notice of the claim, [it] could not inspect the property until March 14, 2023, and at the inspection could not identify any hurricane related damage." (Doc. 33 at 4). Therefore, it insists the "prejudice to Safeco is clear—the lack of ability to resolve the claim without litigation, the lack of ability to inspect and investigate the loss when the damage is 'fresh,' etc." (Doc. 27-1 at 7).

While the Court acknowledges that notice could have reasonably been given sooner,[8] Safeco presents no evidentiary support for the prejudice alleged. Indeed, the

---

[8] In its Reply, Safeco seems to suggest that Plaintiff must first establish a "reasonable explanation" for the delayed notice to succeed at trial, and only then must Safeco demonstrate prejudice. (Doc. 33 at 2 ("The law is clear that an insured's breach of its duties under the policy will not be excused unless the insured can offer a reasonable explanation for his noncompliance.")). However, this position is inconsistent with Louisiana law. *See Perkins v. Syndicate 4242 of Lloyd's of London*, No. 2:21-CV-02461, 2022 WL 16543374, at *3 (W.D. La.

14

only evidence of record indicates that Safeco's adjuster was able to (1) inspect the property, and (2) determine the source of any observed damage.

---

Oct. 28, 2022) ("Leaving aside the reasonableness of plaintiffs' explanations, Underwriters cannot succeed on this claim because it has not established any prejudice."). Instead, courts have actually "found that the insured's claims are not subject to dismissal when he can offer a reasonable explanation for his noncompliance." *Beasley v. GeoVera Spec. Ins. Co.*, No. 13-395, 2015 WL 2372328, at *4 (E.D. La. May 15, 2015). In other words, the reasonableness of the insured's conduct is relevant to whether a breach has occurred, as well as any resulting prejudice. *Id.*

What's more, prejudice must still be established even if an "explanation is not offered," as an insured's conduct typically only "precludes recovery when the insured engages in a protracted, willful, and apparently bad faith refusal to comply." *Johnson v. State Farm Mut. Auto. Ins. Co.*, No. 12-1607, 2013 WL 2156328, at *9 (E.D. La. May 17, 2013) (holding that insurer "may be relieved of liability if the extended and willful breach of a cooperation clause is both material and prejudicial to the insurer"). To be sure, the "burden [remains] on the insurer to show actual prejudice, and the conduct of the insured . . . is relevant and material to the issue of cooperation, material prejudice, and credibility as to liability and damages." *Id.* at *9 ("Louisiana appellate court cases seem to advise that an insurer may be relieved of liability if the extended and willful breach of a cooperation clause is both material and prejudicial to the insurer."). Therefore, regardless of whether Plaintiff has presented a reasonable explanation for the delay, or none at all, Safeco must still establish actual prejudice. *See Williams v. Lowe*, 831 So.2d 334, 336 (La. Ct. App. 2002) ("For coverage to be excluded for an insured's violation of an insurance policy's cooperation clause, the breach on the part of the insured must be both material and prejudicial to the insurer.").

Here, Plaintiff blames the 100-plus properties in his care, many of which were allegedly damaged during Hurricane Ida, for his delay in notice. (Pl. Decl. ¶¶ 10, 15–18). Regardless of whether Plaintiff's excuse is reasonable, Safeco has not presented evidence of any actual prejudice caused by the delay in notice, and it is therefore not entitled to summary judgment. *See Perkins*, 2022 WL 16543374, at *3 ("Leaving aside the reasonableness of plaintiffs' explanations, Underwriters cannot succeed on this claim because it has not established any prejudice.").

There is also no evidence that Plaintiff acted in bad faith or refused to cooperate with the investigation. *See Breaux v. Cozy Cottages, LLC*, 151 So. 3d 183, 190 (La. App. 3 Cir. 2014) ("Any non-cooperation must be "both material and prejudicial" in order for an insurer to avoid liability."); *Trosclair v. CNA Ins. Co.*, 637 So. 2d 1168, 1170–71 (La. App. 4 Cir. 1994) ("[Insureds] have attempted to show by affidavit both cooperation and lack of prejudice. . . . The conduct of the insured, following the accident, is relevant and material to the issues of cooperation, material prejudice, and credibility as to liability and damages. [The insurer] has not shown in either its motion or in the affidavits filed in support of the motion, or elsewhere, how or in what manner or respect it has been prejudiced by [the insureds'] failure to promptly notify it of the accident.").

Safeco's Claims Representative, Reginald Miller, has supplied a Declaration stating that Safeco sent an adjuster to inspect the property within weeks of receiving notice. (Safeco Decl. ¶ 8; Pl. Decl. ¶ 20). According to the evidence in the record, the adjuster was able to not only complete the inspection but determine there was no damage caused by Hurricane Ida. (Safeco Decl. ¶ 8 (inspection successfully completed); Denial Letter, Doc. 28-3 at 1 (any observed damage was not caused by Hurricane Ida, but was instead result of "wear and tear, rot and deterioration, and a general lack of maintenance"); Pl. Decl. ¶ 21). Both the inspection and determination seemingly occurred without issue.

Following the inspection, Safeco promptly denied Plaintiff's claim because its adjuster determined there was "no storm/hurricane related damages." (Denial Letter, Doc. 28-3 at 1). What's more, the adjuster was able to determine the cause of any observed property damage: "wear and tear, rot and deterioration, and a general lack of maintenance." (Pl. Decl. ¶ 21 (denied for lack of covered damage)). Miller's Declaration and the Denial Letter are the only relevant evidence provided on summary judgment.[9]

Critically, Miller never suggests the delayed notice had any effect on the adjuster's inspection or determination.[10] What's more, based on the evidence

---

[9] In support of its Motion, Safeco failed to provide the adjuster's inspection report or even its denial. The Denial Letter, however, was filed in the record by Plaintiff as an exhibit (Doc. 28-3) attached to the Opposition (Doc. 28).

[10] This is not to say that evidence of prejudice does not exist outside the record. It is simply not before the Court, precluding any finding of prejudice on summary judgment.

available, Safeco did not contemporaneously complain that the delay in notice prevented it from conducting an inspection or determining the cause of any property damage.[11] (Pl. Decl. ¶¶ 23–24). Not only did Safeco not raise the issue during its adjustment of the claim, it did not base its denial of Plaintiff's claim on the delay (Denial Letter, Doc. 28-3). *See Peavey Co.*, 971 F.2d at 1173–74 (holding insurer was not prejudiced by untimely notice where it investigated the claim upon receiving notice and without raising issue that it could not properly investigate claim because of delay); *Offshore Logistics Servs., Inc. v. Arkwright-Bos. Mfrs. Mut. Ins. Co.*, 469 F. Supp. 1099, 1102–03 (E.D. La. 1979) ("[S]peaking in terms of physical time, the notice could reasonably have been given sooner than it was, the record indicates that ABM never complained of any difficulty in locating witnesses, examining data, etc. because of the delay. . . .[T]his Court refuses to find prejudice when defendants did not even attempt to prove that the notice given was inadequate to permit (ABM) to investigate and exercise, if it so elected, the rights reserved to it under the policy."); *Wall v. Nw. Mut. Life Ins. Co.*, No. 06-2365, 2008 WL 4450283, at *8 (W.D. La. Sept. 29, 2008) ("Dr. Wall's initial notice in November 2005 was untimely, as his alleged disability began on January 1, 1999. However . . . Northwestern has come forward with no specific evidence setting forth the prejudice it suffered due to Dr. Wall's delay. Accordingly, summary judgment must be denied.").

Actual prejudice "cannot be presumed from only the delay itself." *State ex rel. Div. of Admin., Off. of Risk Mgmt. v. Nat'l Union Fire Ins. Co. of Louisiana*, 56 So. 3d

---

[11] To be clear, the record does not specify what damage, if any, was observed at the inspection.

1236, 1246 (La. App. 1 Cir. 2011). Because it has presented no evidence of actual prejudice, beyond insisting that prejudice "is clear" given the length of delay, Safeco is not entitled to summary judgment. *See Spindel v. Bankers Specialty Ins. Co.*, No. 10-4110, 2010 WL 5439706, at *3 (E.D. La. Dec. 28, 2010) (argument of counsel in summary judgment brief cannot take place of admissible evidence); *State ex rel. Div. of Admin., Off. of Risk Mgmt.*, 56 So. 3d at 1246 ("The function of the notice requirements is simply to prevent the insurer from being prejudiced, not to provide a technical escape-hatch by which to deny coverage . . . ."); *Miller v. Marcantel*, 221 So. 2d 557, 559–60 (La. App. 3d Cir. 1969) ("Therefore, unless the insurer is actually prejudiced by the insured's failure to give notice immediately, the insurer cannot . . . rely upon delayed notice in the absence of prejudice or bad-faith circumstances indicating fraud or collusion. . . . There being no prejudice alleged or shown other than the naked delay in notifying the insurer . . . it was erroneous to dismiss on summary judgment . . . ."); *Rodriguez v. S. Fid. Ins. Co.*, No. 10-3037, 2011 WL 743461, at *4 (E.D. La. Feb. 23, 2011) ("SFIC has not made a specific showing that it was prejudiced by plaintiffs' failure to submit to examinations under oath, and its general assertions to that effect are insufficient."); *Trosclair v. CNA Ins. Co.*, 637 So. 2d 1168, 1170–71 (La. App. 4 Cir. 1994) (Insurer "has argued general prejudice, but has not shown how it is prejudiced, nor has it shown any particular prejudice.").

## IV. CONCLUSION

Having carefully considered the law and facts in the record, the Court finds that there are genuine issues of material fact which preclude summary judgment.

Accordingly,

**IT IS ORDERED** that Defendant Safeco Insurance Company of Oregon's **Motion for Summary Judgment (Doc. 27)** be and is hereby **DENIED.**

Baton Rouge, Louisiana, this 1st day of August, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**